UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NORMAN T., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:23-cv-00134-NT |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that, after the Administrative Law Judge (ALJ) found a medical opinion persuasive, he erred by failing to incorporate—or explain why he did not incorporate—a limitation contained in that opinion. *See* Plaintiff's Brief (ECF No. 11). I discern no harmful error and recommend that the Court affirm the Commissioner's decision.

**I. Background**

The Plaintiff applied for benefits in August 2020. *See* Record at 19. After his claim was denied at the initial and reconsideration levels of review, he requested a hearing before an ALJ. *See id.* That hearing took place in December 2021, *see id.* at 19, 38-65, following which the ALJ issued a decision finding that the Plaintiff suffered from the severe impairments of left biceps tendonitis, bilateral epicondylitis, carpal tunnel syndrome, degenerative disc disease of the lumbar spine, osteoarthritis of the right knee, anxiety disorder, depressive disorder, and post-traumatic stress disorder (PTSD), *see id.* at 22. Considering those impairments

1

during the relevant period, the ALJ determined that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could frequently handle, finger, and operate hand controls with his dominant right upper extremity; could occasionally push and pull with his right upper extremity; could frequently reach with his non-dominant left upper extremity; could frequently climb ramps or stairs; could occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds; needed to avoid concentrated exposure to vibration; could not work at unprotected heights; could understand, remember, and carry out simple tasks in a normal schedule; could not work with the public but could interact appropriately with supervisors and a small group of coworkers; and could adapt to normal changes in a routine of simple tasks. *See id.* at 25. The ALJ concluded that the Plaintiff could not perform his past relevant work with such an RFC but that he could perform other work existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 30-31. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that

a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

In assessing the Plaintiff's physical RFC, the ALJ found persuasive the opinions of agency nonexamining consultants Archibald Green, D.O., and James Hall, M.D., who reviewed the Plaintiff's claim at the initial and reconsideration levels respectively. *See* Record at 29, 103-13, 115-25. Among other things, Dr. Green opined that the Plaintiff would require a three- to five-minute "position change hourly for comfort" due to his degenerative disc disease. *See id.* at 109. Dr. Hall, on the other hand, did not opine that the Plaintiff would require an hourly position change. *See id.* at 120-22. Ultimately, the ALJ did not include a position change requirement in his RFC assessment. *See id.* at 25.

The Plaintiff faults the ALJ for failing to discuss the conflict between Dr. Green's and Dr. Hall's opinions and argues that the ALJ was required to explain why Dr. Green's opined hourly three- to five-minute position change was omitted. *See* Plaintiff's Brief at 8-9. He contends that the ALJ's error was prejudicial because "the need for a 3-5 minute position change between sitting and standing each hour

3

was relevant to the question of how much time [he] would be 'off task' during a typical workday on an ongoing basis." *Id.* at 8. He points out that the vocational expert (VE) testified that employers would not tolerate an employee being off task 15 percent of the workday but concedes that being off task for three to five minutes per hour would not equate to 15 percent of the workday. *Id.* (citing Record at 63-64).

I find these points unavailing. Even if the ALJ erred by not including the hourly three- to five-minute position change requirement in his RFC assessment and hypotheticals, the Plaintiff fails to demonstrate that the error was harmful. *See Archer v. Colvin*, No. 1:13-cv-00018-NT, 2014 WL 457641, at *3 n.3 (D. Me. Feb. 4, 2014) ("Remand requires a showing that the outcome of the claim for benefits would likely be different if the plaintiff's view of an issue is correct.").

First and foremost, Dr. Green did not opine that the Plaintiff would be off task during the hourly position changes. *See* Record at 108-09. Second, the Plaintiff does not point to any evidence suggesting he would be off task while changing positions. Third, the Plaintiff's representative did not ask the VE at the hearing about his purported need to change positions (whether on or off task) or the maximum amount of off-task time an employer would tolerate. *See id.* at 64; *Cody P. v. Kijakazi*, No. 2:22-cv-00045-JAW, 2022 WL 17369385, at *2 (D. Me. Dec. 2, 2022) (rec. dec.) ("[W]hen a claimant is represented by counsel at the administrative hearing, there is an expectation that counsel will explore vocational issues with the VE at the hearing rather than raise them in after-the-fact challenges." (cleaned up)), *aff'd*,

2022 WL 17975538 (D. Me. Dec. 28, 2022).[1] And finally, common sense dictates that the light work jobs identified by the VE and relied upon by the ALJ—price marker, sorter, and small parts assembler—would allow the Plaintiff to change positions at least once an hour. *See* Record at 31; *Wekwert v. Astrue*, No. 8:08-CV-471-T-TGW, 2009 WL 700599, at *3 (M.D. Fla. Mar. 17, 2009) (holding that even if an ALJ erred by failing to include a claimant's need to frequently stretch and switch positions in his RFC assessment and hypothetical questions to the VE, the error was "harmless" because, "[c]learly, the jobs of dog bather, *marker*, and packager encompass the ability to change positions frequently," the claimant did "not even attempt to demonstrate she could not perform the jobs," and, at hearing, the claimant's representative did not question the VE about the claimant's need to switch positions and stretch (emphasis added)).[2]

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered***

---

[1] The Plaintiff was represented by an eligible non-attorney representative at the hearing. *See* Record at 19, 130. Given that the representative was required to have knowledge of Social Security law, I see no reason not to hold her to the same standard articulated in *Cody P*. *See Direct Payment to Eligible Non-Attorney Representatives*, Social Security Administration, https://www.ssa.gov/representation/nonattyrep.htm?tl=3 (last visited Jan. 31, 2024) (noting that eligible non-attorney representatives must pass an examination and take continuing education courses to maintain their knowledge of Social Security law).

[2] For these same reasons, I conclude that this case is distinguishable from *Kelley A. L. v. Saul*, No. 2:20-cv-00084-DBH, 2021 U.S. Dist. LEXIS 5196 (D. Me. Jan. 11, 2021) (rec. dec.), *aff'd*, 2021 U.S. Dist. LEXIS 15417 (D. Me. Jan. 26, 2021), a case cited by the Plaintiff that was remanded due to the ALJ's *prejudicial* error in failing to resolve a *material* conflict between two opinions.

*pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: February 5, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge